UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
LAMONT B. SIMMONS
MELISSA R. SIMMONS
on Behalf of Themselves and All Others
Similarly Situated
       Plaintiffs,

vs.

ROUNDUP FUNDING, LLC
MALEN & ASSOCIATES, P.C.
       Defendants.
-----------------------------------------x

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiffs Demand A Trial By Jury

**08 CIV. 6263**

**JUDGE ROBINSON**

INTRODUCTION

1.    Plaintiffs, Lamont B. Simmons and Melissa R. Simmons, on behalf of themselves and all others similarly situated, seek redress for the unfair and deceptive practices of Roundup Funding, LLC and Malen & Associates, P.C., which violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., ("FDCPA").

JURISDICTION AND VENUE

2.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, this district. Venue is also proper in this district because Defendants transact business in this district and the interests of justice require maintenance of this action in this district.



1

## PARTIES

1. Plaintiffs, LAMONT B. SIMMONS and MELISSA R. SIMMONS are husband and wife residing at 5 Zachery Court, Chestnut Ridge, New York, 10977, Rockland County. And are "consumers," as defined by § 1692a(3) of the FDCPA.

2. Defendant, ROUNDUP FUNDING, LLC (hereinafter "Roundup") is a debt collection agency with its corporate office located at MS 550, PO Box 91121, Seattle, Washington, 9811-9221, and is regularly engaged in the collection of debt in this state. Roundup Funding, LLC is a "debt collector" as defined by § 1692a(6) of the FDCPA.

3. Defendant, MALLEN & ASSOCIATES, P.C., is a collections attorney, doing business at 123 Frost Street, Westbury, NY 11590, and is a "debt collector" as defined by § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS PARTICULAR TO LAMONT B. SIMMONS AND MELISSA R. SIMMONS

4. Plaintiffs, Lamont B. and Melissa R. Simmons filed for Bankruptcy on October 30, 2007.

5. Plaintiffs listed Applied Card Systems, Inc., as an unsecure creditor on Schedule F, with the amount of the debt being $1,100.00.

6. On December 6, 2007, Malen & Associates, P.C. filed a proof of claim on behalf of Roundup Funding, LLC, in the amount of $2,039.71.

7. An "account summary" was attached to the proof of claim, and indicated that Roundup Funding, LLC is the assignor of Applied Card Systems, Inc. This "account summary" was merely a self-generated statement by Defendants.

8. Plaintiffs only owed $1,100.00 to Applied Card Systems, Inc. No proof of the debt was attached to the proof of claim.

9. Roundup funding, LLC and its attorneys, Malen & Associates, P.C., failed to attach any proof that they were the assignees of Plaintiffs' account.

10. On March 14, 2008, the Law Office of Shmuel Klein, PC, on behalf of Plaintiffs, filed an objection to Roundup's claim.

11. On April 1, 2008, Malen & Associates filed a Response to Plaintiffs' Motion, on behalf of its client, Roundup Funding, LLC, attaching the same "account summary" and a copy of Plaintiffs' Bankruptcy Schedule F, in its support of the validity of the claim.

12. On April 15, 2008, Malen & Associates filed a supplemental Response to Plaintiffs' Motion, on behalf of its client, Roundup Funding, LLC. Malen & Associates attached as an exhibit an "Assignment of Accounts", which showed that Roundup Funding, LLC bought 804 accounts from Applied Card Systems, Inc. The assignment of accounts did not list Plaintiffs' account.

13. On April 17, 2008, a hearing was held in front of the Honorable Judge Hardin, who Ordered that the claim be reduced to $1,100.00, the amount actually owed by Plaintiffs to Applied Card Systems, Inc.

14. Neither Roundup Funding, LLC nor its attorney, Malen & Associates, P.C., were in possession of any original documents that would show that Plaintiffs incurred the alleged debt, or agreed to pay the alleged debt. Defendants had no documents that would show the terms of payment requirements and interest charges on the alleged debt, or any statements or other documents showing payment history of the debt.

15. Roundup Funding, LLC, through its attorney, Malen & Associates, P.C., attempted to collect a non-existent debt, by almost doubling the debt Plaintiff owed to Applied Card Systems, Inc.

16. Upon information and belief, Roundup Funding, LLC, and its attorney, Malen & Associates, P.C., engage in a pattern and practice of repeatedly attempting to collect non-existent debts, inflating debt amounts, and filing proofs of claim in bankruptcy proceedings without any documentation which would give them the right to collect the debt.

## COUNT I

### *Violation of the Fair Debt Collection Practices Act, Sections 1692e and 1692f, against Defendants, brought by Lamont B. Simmons and Melissa R. Simmons, individually and on behalf of a class*

17. The allegations of paragraphs 1-16 in this pleading are incorporated as if fully rewritten herein.

18. This Count is brought by Lamont B. Simmons and Melissa R. Simmons on behalf of a class. The class consists of all consumers consumers with addresses in the State of New York who, according to Defendants' recorded meet the following criteria: (a) within one year prior to the tiling of this action; (b) filed for bankruptcy; (c) Roundup Funding, LLC and/or Malen & Associates, P.C. filed a claim; (d) the amount of the alleged debt was not owed by the Debtors to the original creditor as indicated in the claim; or (e) Roundup Funding, LLC and/or Malen & Associates, P.C. failed to attach any proof of the alleged debt.

19. The claims asserted in this Count satisfy all to: requirements of Federal Rule of Civil Procedure 23(a).

20. The Class for whose benefit this action is brought is so numerous that joinder of all class members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that Roundup Funding, LLC, by and through its attorneys, Malen & Associates, P.C., file bankruptcy claims en masse, attempting to collect non-existing debts from Debtors, when they have no documents to prove that they own the alleged debts and are entitled to collect the debts.

21. There are questions of fact and law common to the Class that predominate over any questions affecting only individual class members. Among the common questions of law and fact are whether Defendants routinely file claims in consumer bankruptcies, attempting to collect non-existent debts, without being in possession of any agreements or documents creating such a debt or authorizing collection of the alleged debt(s), in violation of 15 U.S.C. § 1692e and § 1692f.

22. The only individual issue is the identification of the consumers who filed for bankruptcy and Defendants, jointly or individually, filed a claim for a non-existent debt, without having any documents which form a basis for collection of the alleged debt, (ice. the class members), a matter capable of ministerial determination from the Defendants' records.

23. Plaintiffs' claims are typical of the claims of the other members of the Class, inasmuch as all claims arise out of Roundup Funding, LLC's and Malen & Associates, P.C.'s systematic procedures for generating and filing claims in consumer bankruptcies. Plaintiff has no interests antagonistic to the interests of the other members of the Class.

24. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions and consumer litigation.

25. Accordingly, Plaintiffs are adequate representatives of the class and will fairly and adequately protect the interests of the Class.

26. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    A. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of a repetitive individual basis; and

    B. The aggregate volume of the individual class members' claims, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation.

27. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. Moreover, since the actual monetary damages suffered by, or statutory damages available to individual Class members may be relatively small, although significant in the aggregate, the expenses and burdens of individual litigation make it impossible or effectively impossible for the members of the Class to seek individual redress for the FDCPA violations committed by Defendants. Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. See 15 U.S.C. § 1692(k).

6

28. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. The records of the individuals encompassed within the Class are in the possession of Defendants.

### *Violation of Section 1692e – False or Misleading Representation*

29. Section 1692e of the FDCPA prohibits debt collectors from making false or misleading representations in their debt collection efforts, from falsely claiming they have a legal right to collect a debt, and from misrepresenting the amount of the debt.

30. Specifically, §1692e provides, in relevant part:

> *... the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
>
> *(A). the character; amount, or legal status of any debs;*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain Information concerning a consumer*

31. Defendants violated § 1692e (and its relevant subsections) by filing claims in consumer bankruptcies wherein they falsely misrepresented the amount of the debt, and wherein they misrepresented that they had a legal right to collect the alleged debts.

### *Violation of Section 1692f – Unfair or Unconscionable Means to Collect a Debt*

32. Section 1692f prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect an alleged debt.

33. Specifically, § 1692f provides in relevant part:

> *...the following conduct is a violation of this section:*

7

> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

34. Defendants violated § 1692f(1) by filing claims in consumer bankruptcies when they were not in possession of any agreements or documents creating the debt, and such collection was not permitted by law.

## SECOND CLAIM: DECEPTIVE TRADE PRACTICES, VIOLATION OF THE NY GBL § 349

35. The allegations in paragraphs 1-34 in this pleading are incorporated as if fully rewritten herein.

36. As alleged herein, Defendants have engaged in unfair and deceptive trade and business practices and are liable unto Plaintiffs and the class under state laws for those violations.

37. Defendants repeatedly engaged in deceptive practices acts by filing claims in bankruptcy court for nonexistent debts, with no proof of the debts and no documents or agreements which would give them the right to collect the debt, in violated NY GBL § 349.

**WHEREFORE**, Plaintiffs Lamont B. Simmons and Melissa R. Simmons, respectfully request that this Court grant the following relief in their favor, and on behalf of the members of the Class, against all defendants as follows:

    (A) Statutory damages as provided by § 1692k of the FDCPA;

    (B) Actual Damages as provided by NY GBL § 349.

(C) Attorney's fees, litigation expenses and costs; and

(D) Any other relief that this Court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

DATED: Spring Valley, NY
July 8, 2008

/s/ *[signature]*
Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorney for Plaintiffs
268 ROUTE 59
Spring Valley, NY 10977
(845) 425-2510

9