# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LAMONT B. SIMMONS,<br>MELISSA R. SIMMONS,<br>on behalf of themselves and all<br>others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Roundup Funding, LLC,<br>Malen & Associates, p.c.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 08-6263 SCR |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

## AND REQUEST FOR ATTORNEY'S FEES

Now comes Defendant, Malen & Associates, p.c., by and through the undersigned counsel, and hereby move this honorable court, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted, and for attorney's fees pursuant to 15 U.S.C. 1692k and for the reasons more fully set forth in the accompanying memorandum in support hereof, attached hereto and incorporated herein by reference as though fully rewritten.

Respectfully Submitted,


/s/ Paul W. Mahler
Paul W. Mahler (pm-4186)
Malen & Associates, p.c.
123 Frost Street, Suite 203
Westbury, NY 11590
(516) 479-5951
Attorneys for Defendant

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................... 1

II. STATEMENT OF FACTS .................................................................................................. 2

III. LAW & ARGUMENT ...................................................................................................... 3

    1. No FDCPA claim lies for filing a Proof of Claim or an Attorney Representing a
    Client in an Attempt by a Debtor to Object to a Proof of Claim ...................................... 3

    2. Malen only responded on behalf of its Client to the Debtors' Objection
    to a Filed Proof of Claim.................................................................................................. 5

    3. Malen was not acting as a Debt Collector. No FDCPA claim lies...................................... 5

        a. Malen not acting as a Debt Collector ....................................................................... 5

        b. The immunity doctrine protects attorneys actions in litigation ............................. 6

        c. Malen was not a Debt Collector  .............................................................................. 9

    4. No class action under the FDCPA can exist as the Bankruptcy Court
    has Jurisdiction................................................................................................................ 10

    5. No State Law Claim lies for the filing of a Proof of Claim or Defending a
    Motion Objecting to a Proof of Claim initiated by the Debtors in
    Bankruptcy Court ............................................................................................................ 10

    6. Malen is entitled to reasonable Attorney's Fees under the FDCPA ................................. 11

IV. CONCLUSION................................................................................................................. 12

TABLE OF CASES

## Cases

Argentieri v. Fisher Landscapes, Inc., 15 F. Supp.2d 55 (D.Mass. 1998) ...................................... 8

Beck v. Codilis & Stawiarski, P.A., 2000 U.S. Dist. LEXIS 22440 (N.D. Fla., Dec. 26, 2000).... 6

Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646(1871); ............................................................... 7, 8

Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)....................................... 7

Butz v. Economou, 438 U.S. 478, 512, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978) .................. 7

Diamante v. Solomon & Solomon, p.c., 2001 WL 1217226 (N.D.N.Y. 2001)...................... 4, 10

Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961) ........ 8

Etapa v. Asset Acceptance Corp., Unreported Case No. 03-86 (E.D. Ky. 4-29-04) ...................... 6

Georgeadis v. Cty. of Fairfield, 2000 Westlaw 1459418, *3 (S.D.Ohio 2000)............................. 6

Gray-Mapp v. Sherman, 100 F. Supp. 2d 810 (N.D. Ill. 1999) ................................................. 4, 5

Heim v. California Federal Bank 78 Conn.App. 351, 828 A.2d 129 (Conn.App. 2003) .............. 6

Kibler v. WFS Fin., Inc., 2000 WL 1470655 (C.D. Cal, 2000)..................................................... 4

Kokoszka v. Belford, 417 U.S. 642 (1974).................................................................................. 3, 4

Matsuura v. E.I. du Pont de Nemours and Co., 330 F.Supp.2d 1101, 1132-33 (D. Hawaii 2004)  8

Middlebrooks v. Interstate Credit Control, Inc., 2008 WL 2705496 (D.Minn 2008)................. 10

MSR Exploration, LTD. v. Meridian Oil, Inc.,74 F. 3d 910 (9th Cir. 1996) ............................... 10

Pulliam v. Allen, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984) ..................................... 8

Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830, 834 (1982)....................................... 9

Sierra v. Garbus, 48 F. Supp. 2d 393 (SDNY 1999) ................................................................... 11

Steffes v. Stepan Co., 144 F.3d 1070, 1074 (7th Cir.1998)........................................................... 6

Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331(1978) ................................... 7

Surace v. Wuliger, 25 Ohio St.3d 229, 235, 495 N.E.2d 939, 944 (1986) .................................... 8

Vega v. McKay, 351 F.3d 1334, 1337, (11th Cir. 2003) ................................................................ 8

White v. Nicholls, 44 U.S. 266, 288 (1845) ................................................................................... 7

## Statutes

11 U.S.C. §501 ............................................................................................................................. 11

11 U.S.C. §502 ............................................................................................................................. 11

15 U.S.C. § 1692k(a)(3)................................................................................................................ 11

## Other Authorities

.L. Anenson, *Absolute Immunity From Civil Liability: Lessons For Litigation Lawyers*, at 916, note 2....................................................................................................................................... 6, 7

1986 U.S. Code Cong. & Adm. News, p. 1752 .............................................................................. 8

Developments in the Law: Defamation, 69 Harv. L. Rev. 875, 922-23 (1956) ............................ 7

H.R No. 99-405 .............................................................................................................................. 8

Restatement (Second) of Torts §586 (1977)................................................................................ 6, 7

Restatement (Third) of the Law Governing Lawyers §57 ............................................................. 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

LAMONT B. SIMMONS,         )   CASE NO. 08-6263 SCR
MELISSA R. SIMMONS,      )
on behalf of themselves and all    )
others similarly situated,       )
                Plaintiffs,  )
                       )
   vs.                 )
                       )
Roundup Funding, LLC,      )
Malen & Associates, p.c.,     )
                       )
         Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANTS
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### I.    INTRODUCTION

No cause of action lies under the Fair Debt Collection Practices Act or state law if it is premised upon actions and filings in a Bankruptcy Court. However, Plaintiffs' (hereinafter "Debtors") class action complaint alleges such a claim. Malen & Associates, p.c., (hereinafter "Malen") in representing its client, Roundup Funding, LLC (hereinafter "Roundup"), filed opposition to a motion initiated by Debtors in a bankruptcy matter. Debtors' motion was an objection to a Proof of Claim which Proof of Claim was originally filed by Roundup in the Bankruptcy Court. Eventually, the Bankruptcy Court allowed the claim in a reduced amount. Malen never communicated with the Debtors, nor attempted to collect a debt. Malen was not acting as a debt collector but as an advocate of its client in defending a motion initiated by the Debtors in a bankruptcy matter. Malen's only involvement was filing opposition to Debtors' motion. Debtors' filed this suit claiming Malen's representation of its client in the Bankruptcy Court and its client's filing of a Proof of Claim, which amount Debtor objected to,  is a violation of the Fair Debt Collection Practices Act. The Bankruptcy Code and case law support Defendant's position that the

1

Bankruptcy Court has jurisdiction over its proceedings and a Fair Debt Collection Practices Act claim cannot be premised on proofs of claim filed during bankruptcy proceedings.

## II.    STATEMENT OF FACTS

On or about October 30, 2007, Debtors, Lamont Simmons and Melissa Simmons, filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code[1].  Thereafter, Roundup, the holder of a validly due and owing account, filed a Proof of Claim. On March 14, 2008, Debtors filed a motion objecting to the Proof of Claim filed by Roundup. Roundup retained Defendant, Malen to oppose the motion. On April 1, 2008, Malen filed a response to the Debtors' motion with the Bankruptcy Court and filed a supplemental response to include an additional exhibit. On April 17, 2008, the court allowed the claim however reduced the amount of the filed proof of claim.  Additionally, the court denied the Debtors' request for attorney's fees.

At this juncture, it is important to note that at no time did Malen ever communicate with the Debtors nor did Malen ever attempt to collect a debt from the Debtors.

The instant action is based upon alleged violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") in conjunction with a class action. The action was commenced July 10, 2008. Defendant attempted to inform Debtors' attorney[2] of the current case law substantiating our position and demonstrating the futility of his actions though numerous letters citing support for Defendant's position. The Debtors, in response to Malen's correspondence demonstrating erroneous factual allegations, amended his complaint on July 22, 2008 removing some patently false factual allegations. The Debtors did not withdraw the action. The Debtors' Amended

---

[1] United States Bankruptcy Court of the Southern District of New York, Case No.: 07-23060

[2] Plaintiffs' counsel is currently suspended from the practice of law in the State of New York. As such, it is believed that the Plaintiffs' counsel, by maintaining an office to practice law in the State of New York and filing actions in this Court, is practicing law in violation of the suspension order. A copy of the order is annexed to the Affidavit of Paul Mahler.

Complaint alleges the foregoing conduct in the Bankruptcy Court violated various sections of 15 U.S.C. §1692e, §1692f, and New York General Business Law §349, for which they seek class certification, actual and statutory damages, injunctive relief, and attorney fees[3]. At the heart of this suit, Debtors alleges that Malen, by accepting its client's engagement and opposing the Debtors' objection to the Proof of Claim in Bankruptcy Court violated the FDCPA.

It is respectfully submitted even after the Complaint was amended that the current action still remains frivolous in light of the interaction between the FDCPA and the Bankruptcy Code which has been addressed in numerous reported decisions. Although Malen has provided the case citations to the Debtors' attorney[4], he has refused to withdraw this matter. As such, in addition to respectfully requesting dismissal of this action, Malen seeks reasonable attorney's fees pursuant to 15 U.S.C. §1692k(3).

### III.    LAW & ARGUMENT

*1.    No FDCPA claim lies for filing a Proof of Claim or an Attorney Representing a Client in an Attempt by Debtor to Object to a Proof of Claim*

The Court should understand this case for what it truly is – a means of discouraging counsel from representing creditors in Bankruptcy Court. Common logic and case law has made it clear that no cause of action lies for the filing of a Proof of Claim by Roundup or by Malen defending a motion objecting to a Proof of Claim.

Numerous courts have addressed the issue of whether actions taken in Bankruptcy Court, guided by the Bankruptcy Code and the Rules of the Bankruptcy Court preclude claims under the FDCPA. The Supreme Court in <u>Kokoszka v. Belford</u>, 417 U.S. 642 (1974) stated that

---

[3] Amended Complaint, pp.1- 9.
[4] Copies of the letters addressed to Plaintiffs' counsel are annexed to the Affidavit of Paul Mahler for the purpose of this Court addressing Malen's request for attorney's fees.

[T]he consumer credit protection act [of which the FDCPA is a part] sought to prevent consumers from entering bankruptcy in the first place. However, if despite its protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy Act [the predecessor of the Bankruptcy Code]. Id. at 650. Based upon this, Courts have reasoned that if "Congress did not intend to interfere with the bankruptcy scheme though the Consumer Credit Protection Act, it follows that [the p]laintiff cannot assert a claim for damages under the FDCPA when the Bankruptcy Code does not provide for it."

Kibler v. WFS Fin., Inc., 2000 WL 1470655 at *9 (C.D. Cal, 2000).

In Gray-Mapp v. Sherman, 100 F. Supp. 2d 810 (N.D. Ill. 1999) the court also concluded that the Bankruptcy Court precluded plaintiff's FDCPA claim, which was brought upon an allegedly inflated proof of claim. The court found that an FDCPA claim could not be based on allegedly fraudulent proof of claims that were filed during the bankruptcy process. The court reasoned that neither the Bankruptcy Code nor the FDCPA suggested "that a debtor should be permitted to bypass the procedural safeguards in the code in favor of asserting potentially more lucrative claims under the FDCPA." Id. at 814. Furthermore, the court found that there was nothing in the FDCPA [which] suggested [that it] was intended as an overlay to the protections already in place in the bankruptcy proceedings." Id.

Additionally, the Northern District of New York in the matter of Diamante v. Solomon & Solomon, p.c., 2001 WL 1217226 (N.D.N.Y. 2001)[5] concluded that no FDCPA claim or a state law claim may be brought based upon actions that occurred in the Bankruptcy Court. "To permit such claims would thwart Congress's intent in promulgating the Bankruptcy Court to create a single federal system to adjust all of the rights and duties of both creditors and debtors." Id. at 5.

---

[5] Memorandum-Decision annexed to the affidavit of Paul Mahler. All citations will be to the page numbers of the decision.

4

2. _Malen only responded on behalf of its Client to the Debtors'_
   _Objection to a Filed Proof of Claim_

The case at bar is clearly analogous to <u>Gray-Mapp</u> and <u>Diamante</u>. Defendant Malen first became involved with the Debtors when it filed an opposition to Debtors' Objection to a Proof of Claim.[6] Malen's actions were that of an attorney representing its client in a bankruptcy proceeding initiated by the Debtors. There are no other factual allegations in Debtors' Amended Complaint concerning actions of Malen. Malen did not even file the subject Proof of Claim nor did Malen ever attempt to collect a debt from Debtors. Even if Malen had filed the Proof of Claim, <u>Gray-Mapp</u> found that the filing of the Proof of Claim was not actionable under the FDCPA. An attorney filing opposition to a debtor's motion objecting to a proof of claim is unmistakably not actionable under the FDCPA.

Debtors' attempt to thwart the Bankruptcy Code by attempting to recover attorney's fees and damages under the FDCPA is frivolous and brought for the purpose of harassment. As the overwhelming case law supports, no cause of action lies under the FDCPA for the filing or defending a proof of claim in Bankruptcy Court. As such, Debtors' Amended Complaint should be dismissed in its entirety against Defendant Malen and attorney's fees should be awarded pursuant to 15 U.S.C. 1692k

3. _Malen was not acting as a Debt Collector. No FDCPA claim lies._

   a. _Malen not acting as a Debt Collector._

Debtors are attempting to argue that Malen's involvement by defending its client in Bankruptcy Court, against Debtors attempt of object to a proof of claim, constitutes an attempt to collect a debt under the FDCPA. A contrary decision would result in a chilling effect for

---

[6] Amended Complaint ¶11 & 12.

creditors and their attorneys. Attorneys would be reluctant to represent creditors in a bankruptcy proceedings for fear of being sued for a FDCPA violation.

After the Proof of Claim was filed by its client, Malen was retained on an hourly basis by its client Roundup to oppose the motion initiated by the Debtors' in the Bankruptcy Court. At no time did Malen ever communicate with Debtors[7]. Moreover, Malen never attempted to collect a debt from the Debtors[8]. Malen was only acting as an attorney in its representation of a creditor in a proceeding in bankruptcy court which proceeding was initiated by the Debtors. As such, the Debtors' cause of action for violation of the FDCPA against Malen must fail.

   *b.*     *The immunity doctrine protects attorneys actions in litigation.*

Lawyers and their clients who participate in judicial proceedings are entitled to absolute immunity from suit for their statements which are reasonably related to and made in the course of those proceedings. Restatement (Third) of the Law Governing Lawyers §57; see also the rule regarding malicious prosecution and abuse of process at subdivision (2); See also Restatement (Second) of Torts §586 (1977).  The absolute judicial privilege extends to claims made against an attorney under the FDCPA. Etapa v. Asset Acceptance Corp., Unreported Case No. 03-86 (E.D. Ky. 4-29-04); Beck v. Codilis & Stawiarski, *P.A.*, 2000 U.S. Dist. LEXIS 22440 (N.D. Fla., Dec. 26, 2000);  Georgeadis v. Cty. of Fairfield, 2000 Westlaw 1459418, *3 (S.D.Ohio 2000); Heim v. California Federal Bank  78 Conn.App. 351, 368, 828 A.2d 129, 140 (Conn.App. 2003); contra Steffes v. Stepan Co., 144 F.3d 1070, 1074 (7th Cir.1998)(qualified immunity).

These immunities, which the Supreme Court has referred to as a "cluster of immunities" were afforded to necessary participants in the judicial process, in light of the function they served in that process, and are "as old as the law itself". T.L. Anenson, Absolute Immunity From Civil

---

[7] Plaintiffs' Amended Complaint makes no factual allegations of communications between Malen and Simmons.
[8] Plaintiffs' Amended Complaint makes no factual allegations of Malen's attempt to collect a debt.

Liability: Lessons For Litigation Lawyers, 31 Pepp. L. Rev. 915, 918-919 (2004); Butz v. Economou, 438 U.S. 478, 512, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978). See e.g., Stackpole v. Hennen, 1828 Westlaw 1548, *3 (La. 1828). The U.S. Supreme Court gave recognition to these common law privileges in 1845:

> With respect to words used in a course of judicial proceeding, it has been ruled that they are protected by the occasion, and cannot from the foundation of an action of salander [sic] without proof of express malice; for it is said that it would be matter of public inconvenience, and would deter persons from preferring their complaints against offenders, if words spoken in the course of their giving or preferring their complaint, should be deemed actionable[.]

White v. Nicholls, 44 U.S. 266, 288 (1845). See also Bradley v. Fisher, 13 Wall. 335, 351, 20 L.Ed. 646(1871); Briscoe v. LaHue, 460 U.S. 325, 330-31, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

The immunity granted to judges, lawyers, parties and witnesses for statements made in the course of judicial proceedings has continued unabated from these historical origins, and has carried through into the present in nearly all of the fifty States. It has been referred to as "absolute judicial immunity," "absolute quasi-judicial immunity", the "litigation privilege", privilege, or simply, absolute immunity. T.L. Anenson, Absolute Immunity From Civil Liability: Lessons For Litigation Lawyers, at 916, note 2. See also Restatement (Second) of Torts § 586, introductory note (1977); Developments in the Law: Defamation, 69 Harv. L. Rev. 875, 922-23 (1956). "Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." Butz v. Economou, 438 U.S. 478, 512, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978). Courts continue to recognize the common law immunity in cases where judges are granted absolute judicial immunity. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331(1978); Briscoe v. LaHue, 460 U.S. 325, 330-331, 334, 103 S.Ct. 1108, 1113, 1115, 75 L.Ed.2d 96 (1983);

Bradley v. Fisher, 13 Wall. 335, 351, 20 L.Ed. 646(1871); Surace v. Wuliger, 25 Ohio St.3d 229, 235, 495 N.E.2d 939, 944 (1986); Restatement (Third) of the Law Governing Lawyers §57.

A district court decision from Hawaii, Matsuura v. E.I. du Pont de Nemours and Co., illustrates the continuing vitality of an attorney's federal litigation immunity to statutory causes of action, where the court dismissed a RICO claim. Matsuura v. E.I. du Pont de Nemours and Co., 330 F.Supp.2d 1101, 1132-33 (D. Hawaii 2004). The Court observed: "The federal litigation immunity, however, bars subsequent civil litigation based on a party's litigation conduct. . . [.(citing Briscoe v. LaHue, 460 U.S. 325, 330-31, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983))]"

Just as in the Matsuura case, this court must determine, under Pulliam v. Allen, 466 U.S. 522, 529, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984) whether the immunities which existed at common law, were intended to be displaced by Congress, when it enacted the FDCPA. Because there is no clear legislative intent that Congress intended to do so, the litigation immunity recognized at common law, mandates the dismissal of Debtors' action under the FDCPA.

Even if we were a debt collector, there is no indication that Congress intended to abrogate the immunity afforded to participants in the judicial process when it enacted the FDCPA or when it removed the attorney exception to the definition of the term "debt collector". See H.R No. 99-405, reprinted in 1986 U.S. Code Cong. & Adm. News, p. 1752; See also e.g., Vega v. McKay, 351 F.3d 1334, 1337, (11th Cir. 2003)(summons and complaint is not a communication within the meaning of the FDCPA); see also Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 136, 138, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961); Argentieri v. Fisher Landscapes, Inc., 15 F.Supp.2d 55, 61 -62 (D.Mass. 1998).

Further, the policy reasons which justified the existence of immunity at common law justify the application of immunity here. The thrust of the Fair Debt Collection Practices Act is prevention of harassment and abuse as well as false, deceptive or misleading practices. It clearly regulates the conduct of debt collectors in the context of their communications with debtors and third parties. Common law claims for harassment or abuse for false, deceptive or misleading communications, made in the context of litigation, are analogous to a number of traditional torts – such as defamation, malicious prosecution or abuse of process. See Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830, 834 (1982). As such, the historical common law treatment of litigation immunities to tort claims against attorneys and parties in the context of litigation is the only source of law which can inform the Court's treatment of immunity claims under the FDCPA.

    c.    *Malen was not a Debt Collector*

Malen's actions in the bankruptcy matter were that of an advocate for its client. Malen was representing its client because of a motion initiated by the Debtors who attempted to expunge a Proof of Claim filed by Malen's client, which attempt failed. The immunity doctrine provides protection to Malen in order that Malen may perform its duties as an advocate for its client without harassment or intimidation. The lack of such immunity would result in attorneys not accepting representation of creditors in bankruptcy matters for fear of reprisal. As the immunity doctrine was created to prevent such an effect and as the intent of the bankruptcy code and the FDCPA do not displace this doctrine, the Debtors' Amended Complaint must be dismissed in its entirety and attorney's fees should be award pursuant to 15 U.S.C. 1692k.

4. _No class action under the FDCPA can exist as the Bankruptcy Court has Jurisdiction._

"Where the alleged misconduct giving rise to an FDCPA claim occurred as part of bankruptcy proceedings, "allowing a bankrupt debtor to assert an FDCPA claim could potentially undermine the Bankruptcy Code's specific provisions for administration of the debtor's estate."" Middleebrooks v. Interstate Credit Control, Inc., 2008 WL 2705496, *2 (D.Minn 2008) _citing,_ Molloy v. Primus Auto. Fin. Servs., 247 B.R. 804, 820 (C.D.Cal. 2000). As discussed in detail above, Debtors' sole class action allegation revolve around actions and filings during the course of a bankruptcy proceeding. See Debtors' Complaint ¶ 18. Thus, Debtors' FDCPA Class Action must be dismissed in it's entirety.

5. _No State Law Claim lies for the filing of a Proof of Claim or Defending a Motion Objecting to a Proof of Claim initiated by the Debtors in Bankruptcy Court_

The state law claims which are based upon alleged violation of the Bankruptcy Code are preempted by the Bankruptcy Code. Diamante at 5. "Of the Courts that have held that the Bankruptcy Code preempts state law claims based upon violations of the Bankruptcy Code have reasoned that the 'complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code... demonstrate Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike.'" citing MSR Exploration, LTD. v. Meridian Oil, Inc.,74 F. 3d 910, 914 (9th Cir. 1996). "Therefore, those courts have concluded that because the Bankruptcy Code provides a remedial scheme for addressing violations of the Bankruptcy Code it preempts state law claims based upon such violations." Diamante at 5. The Bankruptcy Court provides a remedy for a

debtor who alleges an objection to a proof of claim. The remedy is for the debtor to file a motion objecting to the claim pursuant to 11 U.S.C. §501, 502 and Rule 3007. The creditor may appear and oppose the motion and the Bankruptcy Court will issue a ruling based upon its findings of fact and conclusions of law.

This is exactly what happened in the Debtors' bankruptcy case. The creditor, Roundup, filed a proof of claim. Thereafter, Debtors filed a motion objecting to the claim, which was opposed by the creditor. The Bankruptcy Court issued a decision approving the claim in a reduced amount and denying debtors' request for attorney's fees.

The Debtors include an additional state law claim under New York General Business Law Section 349 alleging that Malen engaged in unfair and deceptive trade and business practices in defending its client from an objection to a proof of claim motion initiated by Debtors. As the filing of proofs of claims, are clearly controlled by the Bankruptcy Court, and as a decision had been rendered on these exact issues in the Bankruptcy Court, Defendant respectfully requests that Debtors' Amended Complaint be dismissed in its entirety against Malen and attorney's fees for Malen be awarded for this filing of this meritless Amended Complaint.

     *6.*     *Malen is entitled to reasonable Attorney's Fees under the FDCPA*

It is respectfully submitted that the Debtors' Complaint was filed in bad faith and for the purpose of harassment of the creditor and creditor's attorney and therefore Malen should be entitled to attorney's fees. 15 U.S.C. § 1692k(a)(3). Attorney's fees may be awarded for the initiation of a meritless FDCPA suit. See, <u>Sierra v. Garbus</u>, 48 F. Supp. 2d 393 (SDNY 1999). Malen never attempted to collect a debt from the Debtors. Malen never communicated with the Debtors. If Malen was attempting to collect a debt, Malen would have had to send the required

notices under the FDCPA. These notices would be a violation of the Automatic Stay and would subject Malen to sanctions in the bankruptcy court. Additionally, the case law clearly indicates that the Bankruptcy Code provides a remedial scheme for addressing violations of the Bankruptcy Code and therefore preempts FDCPA and state law claims based upon proceedings during the bankruptcy. Malen, in an attempt to resolve this matter without the Court's intervention, advised the Debtor's Attorney of its position and the case citations which unequivocally support its position. Defendant provided Debtors with numerous opportunities to dismiss the Complaint as to Malen which in fact resulted in the Debtors' filing an Amended Complaint to correct clearly erroneous factual statements. Defendant's attorney has refused to dismiss the Amended Complaint as to Malen even in light of the overwhelming support for Malen's arguments. It is respectfully submitted that Debtors' decision to continue this meritless action is in bad faith and for the purpose of harassment of the creditor's counsel.

## IV. CONCLUSION

For all the foregoing reasons, Defendant prays that the Court dismiss Debtors' Complaint and award attorney's fees.

Respectfully Submitted,

/s/ Paul W. Mahler
Paul W. Mahler (pm-4186)
Malen & Associates, p.c.
123 Frost Street, Suite 203
Westbury, NY 11590
(516) 479-5951
Attorneys for Defendant