IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LAMONT B. SIMMONS, | ) | CASE NO. 08-6263 SCR |
| MELISSA R. SIMMONS, | ) | |
| on behalf of themselves and all | ) | |
| others similarly situated, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Roundup Funding, LLC, | ) | |
| Malen & Associates, p.c. | ) | |
| | ) | |
| Defendants. | | |

**AFFIDAVIT IN SUPPORT OF DEFENDANT, MALEN & ASSOCIATES, P.C.'S
MOTION TO DISMISS**

Paul W. Mahler, being duly sworn, deposes and says:

1.      I am the supervising attorney of Malen & Associates, p.c. and as such, I am
familiar with the facts and circumstances of this case.

2.      I am admitted to practice in the State of New York and the Federal District Courts
in the State of New York.

3.      I make this affidavit in support of Defendant's Motion to Dismiss.

4.      Annexed hereto as Exhibit A, please find a copy of the Summons and Complaint
filed in the case a bar.

5.      Annexed hereto as Exhibit B, please find a copy of the Amended Complaint filed
in the case a bar.

6.      Annexed hereto as Exhibit C, please find a copy of the Suspension Order.

7.    Annexed hereto as Exhibit D, please find a copy of the letters sent to the
Plaintiffs' attorney requesting withdrawal of the action.

8.    Annexed hereto as Exhibit E, please find a copy of the decision in Diamante v.
Solomon & Solomon, p.c., 2001 WL 1217226 (N.D.N.Y. 2001).

WHEREFORE, Defendant requests that Plaintiff's action be dismissed with prejudice
and for such other further relief which to this court may seem just and proper.

Paul W. Mahler

Sworn to before me this 26ᵗʰ
day of August, 2008

Notary Public

KELLYANN FERRARO
Notary Public, State of New York
No. 01FE6099005
Qualified in Nassau County
Commission Expires September 22, 2011

EXHIBIT A

🖎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

Lamont B. Simmons, Melissa R. Simmons

**SUMMONS IN A CIVIL ACTION**

V.

Roundup Funding, LLC, Malen & Associates, P.C.

CASE NUMBER:

## 08 CIV. 6263

### JUDGE ROBINSON

TO: (Name and address of Defendant)

Malen & Associates, P.C.
123 Frost Street
Westbury, NY 11590

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Law Office of Shmuel Klein, PC
268 Route 59 W
Spring Valley, NY 10977

an answer to the complaint which is served on you with this summons, within _____30_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

JUL 1 0 2008

CLERK

(By) DEPUTY CLERK

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
JUL 1 0 2008
USDC WP SDNY

-------------------------------------x
LAMONT B. SIMMONS
MELISSA R. SIMMONS
on Behalf of Themselves and All Others
Similarly Situated
              Plaintiffs,

**CLASS ACTION COMPLAINT FOR
VIOLATION OF THE FAIR DEBT
COLLECTION PRACTICES ACT**

vs.

ROUNDUP FUNDING, LLC
MALEN & ASSOCIATES, P.C.
       Defendants.
-------------------------------------x

Plaintiffs Demand A Trial By Jury

08 CIV. 6263

JUDGE ROBINSON

## INTRODUCTION

1.    Plaintiffs, Lamont B. Simmons and Melissa R. Simmons, on behalf of themselves

and all others similarly situated, seek redress for the unfair and deceptive practices of

Roundup Funding, LLC and Malen & Associates, P.C., which violated the Fair Debt

Collection Practices Act, 15 U.S.C. §1692 et seq., ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C.

§ 1692k(d).

3.    Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and

transactions that give rise to this action occurred, in substantial part, this district. Venue is

also proper in this district because Defendants transact business in this district and the

interests of justice require maintenance of this action in this district.

## PARTIES

1. Plaintiffs, LAMONT B. SIMMONS and MELISSA R. SIMMONS are husband and wife residing at 5 Zachery Court, Chestnut Ridge, New York, 10977, Rockland County. And are "consumers," as defined by § 1692a(3) of the FDCPA.

2. Defendant, ROUNDUP FUNDING, LLC (hereinafter "Roundup") is a debt collection agency with its corporate office located at MS 550, PO Box 91121, Seattle, Washington, 9811-9221, and is regularly engaged in the collection of debt in this state. Roundup Funding, LLC is a "debt collector" as defined by § 1692a(6) of the FDCPA.

3. Defendant, MALLEN & ASSOCIATES, P.C., is a collections attorney, doing business at 123 Frost Street, Westbury, NY 11590, and is a "debt collector" as defined by § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS PARTICULAR TO LAMONT B. SIMMONS AND MELISSA R. SIMMONS

4. Plaintiffs, Lamont B. and Melissa R. Simmons filed for Bankruptcy on October 30, 2007.

5. Plaintiffs listed Applied Card Systems, Inc., as an unsecure creditor on Schedule F, with the amount of the debt being $1,100.00.

6. On December 6, 2007, Malen & Associates, P.C. filed a proof of claim on behalf of Roundup Funding, LLC, in the amount of $2,039.71.

7. An "account summary" was attached to the proof of claim, and indicated that Roundup Funding, LLC is the assignor of Applied Card Systems, Inc. This "account summary" was merely a self-generated statement by Defendants.

8. Plaintiffs only owed $1,100.00 to Applied Card Systems, Inc. No proof of the debt was attached to the proof of claim.

9. Roundup funding, LLC and its attorneys, Malen & Associates, P.C., failed to attach any proof that they were the assignees of Plaintiffs' account.

10. On March 14, 2008, the Law Office of Shmuel Klein, PC, on behalf of Plaintiffs, filed an objection to Roundup's claim.

11. On April 1, 2008, Malen & Associates filed a Response to Plaintiffs' Motion, on behalf of its client, Roundup Funding, LLC, attaching the same "account summary" and a copy of Plaintiffs' Bankruptcy Schedule F, in its support of the validity of the claim.

12. On April 15, 2008, Malen & Associates filed a supplemental Response to Plaintiffs' Motion, on behalf of its client, Roundup Funding, LLC. Malen & Associates attached as an exhibit an "Assignment of Accounts", which showed that Roundup Funding, LLC bought 804 accounts from Applied Card Systems, Inc. The assignment of accounts did not list Plaintiffs' account.

13. On April 17, 2008, a hearing was held in front of the Honorable Judge Hardin, who Ordered that the claim be reduced to $1,100.00, the amount actually owed by Plaintiffs to Applied Card Systems, Inc.

14. Neither Roundup Funding, LLC nor its attorney, Malen & Associates, P.C., were in possession of any original documents that would show that Plaintiffs incurred the alleged debt, or agreed to pay the alleged debt. Defendants had no documents that would show the terms of payment requirements and interest charges on the alleged debt, or any statements or other documents showing payment history of the debt.

15. Roundup Funding, LLC, through its attorney, Malen & Associates, P.C., attempted to collect a non-existent debt, by almost doubling the debt Plaintiff owed to Applied Card Systems, Inc.

16. Upon information and belief, Roundup Funding, LLC, and its attorney, Malen & Associates, P.C., engage in a pattern and practice of repeatedly attempting to collect non-existent debts, inflating debt amounts, and filing proofs of claim in bankruptcy proceedings without any documentation which would give them the right to collect the debt.

## COUNT I

*Violation of the Fair Debt Collection Practices Act, Sections 1692e and 1692f, against Defendants, brought by Lamont B. Simmons and Melissa R. Simmons, individually and on behalf of a class*

17. The allegations of paragraphs 1-16 in this pleading are incorporated as if fully rewritten herein.

18. This Count is brought by Lamont B. Simmons and Melissa R. Simmons on behalf of a class. The class consists of all consumers consumers with addresses in the State of New York who, according to Defendants' recorded meet the following criteria: (a) within one year prior to the tiling of this action; (b) filed for bankruptcy; (c) Roundup Funding, LLC and/or Malen & Associates, P.C. filed a claim; (d) the amount of the alleged debt was not owed by the Debtors to the original creditor as indicated in the claim; or (e) Roundup Funding, LLC and/or Malen & Associates, P.C. failed to attach any proof of the alleged debt.

4

19.  The claims asserted in this Count satisfy all to: requirements of Federal Rule of Civil Procedure 23(a).

20. The Class for whose benefit this action is brought is so numerous that joinder of all class members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that Roundup Funding, LLC, by and through its attorneys, Malen & Associates, P.C., file bankruptcy claims en masse, attempting to collect non-existing debts from Debtors, when they have no documents to prove that they own the alleged debts and are entitled to collect the debts.

21. There are questions of fact and law common to the Class that predominate over any questions affecting only individual class members. Among the common questions of law and fact are whether Defendants routinely file claims in consumer bankruptcies, attempting to collect non-existent debts, without being in possession of any agreements or documents creating such a debt or authorizing collection of the alleged debt(s), in violation of 15 U.S.C. § 1692e and § 1692f.

22. The only individual issue is the identification of the consumers who filed for bankruptcy and Defendants, jointly or individually, filed a claim for a non-existent debt, without having any documents which form a basis for collection of the alleged debt, (ice. the class members), a matter capable of ministerial determination from the Defendants' records.

23. Plaintiffs' claims are typical of the claims of the other members of the Class, inasmuch as all claims arise out of Roundup Funding, LLC's and Malen & Associates, P.C.'s systematic procedures for generating and filing claims in consumer bankruptcies. Plaintiff has no interests antagonistic to the interests of the other members of the Class.

24. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions and consumer litigation.

25. Accordingly, Plaintiffs are adequate representatives of the class and will fairly and adequately protect the interests of the Class.

26. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    A. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of a repetitive individual basis; and

    B. The aggregate volume of the individual class members' claims, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation.

27. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. Moreover, since the actual monetary damages suffered by, or statutory damages available to individual Class members may be relatively small, although significant in the aggregate, the expenses and burdens of individual litigation make it impossible or effectively impossible for the members of the Class to seek individual redress for the FDCPA violations committed by Defendants. Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. See 15 U.S.C. § 1692(k).

28. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. The records of the individuals encompassed within the Class are in the possession of Defendants.

### *Violation of Section 1692e – False or Misleading Representation*

29. Section 1692e of the FDCPA prohibits debt collectors from making false or misleading representations in their debt collection efforts, from falsely claiming they have a legal right to collect a debt, and from misrepresenting the amount of the debt.

30. Specifically, §1692e provides, in relevant part:

> *... the following conduct is a violation of this section:*

> *(2) The false representation of—*

>> *(A). the character, amount, or legal status of any debs;*

>> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain Information concerning a consumer*

31. Defendants violated § 1692e (and its relevant subsections) by filing claims in consumer bankruptcies wherein they falsely misrepresented the amount of the debt, and wherein they misrepresented that they had a legal right to collect the alleged debts.

### *Violation of Section 1692f – Unfair or Unconscionable Means to Collect a Debt*

32.    Section 1692f prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect an alleged debt.

33.    Specifically, § 1692f provides in relevant part:

> *...the following conduct is a violation of this section:*

7

> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

34. Defendants violated § 1692f(1) by filing claims in consumer bankruptcies when they were not in possession of any agreements or documents creating the debt, and such collection was not permitted by law.

## SECOND CLAIM: DECEPTIVE TRADE PRACTICES, VIOLATION OF THE NY GBL § 349

35. The allegations in paragraphs 1-34 in this pleading are incorporated as if fully rewritten herein.

36. As alleged herein, Defendants have engaged in unfair and deceptive trade and business practices and are liable unto Plaintiffs and the class under state laws for those violations.

37. Defendants repeatedly engaged in deceptive practices acts by filing claims in bankruptcy court for nonexistent debts, with no proof of the debts and no documents or agreements which would give them the right to collect the debt, in violated NY GBL § 349.

**WHEREFORE**, Plaintiffs Lamont B. Simmons and Melissa R. Simmons, respectfully request that this Court grant the following relief in their favor, and on behalf of the members of the Class, against all defendants as follows:

    (A) Statutory damages as provided by § 1692k of the FDCPA;

    (B) Actual Damages as provided by NY GBL § 349.

(C) Attorney's fees, litigation expenses and costs; and

(D) Any other relief that this Court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

DATED: Spring Valley, NY
July 8, 2008

_____ /s/

Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorney for Plaintiffs
268 ROUTE 59
Spring Valley, NY   10977
(845) 425-2510

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
LAMONT B. SIMMONS
MELISSA R. SIMMONS
on Behalf of Themselves and All Others
Similarly Situated

        Plaintiffs,

vs.

ROUNDUP FUNDING, LLC
MALEN & ASSOCIATES, P.C.
        Defendants.
----------------------------------------x



RULE 7

FILED
JUL 10 2008
USDC WPSDNY

08 CIV. 6263

JUDGE ROBINSON

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local
General Rule 1.9] and to enable District Judges and Magistrate Judges of the
Court to evaluate possible disqualification or recusal, the undersigned
counsel for  LAMONT B. SIMMONS and MELISSA R. SIMMONS (private non-
governmental parties) certifies that the following are corporate parents,
affiliates and/or subsidiaries of said party, which are publicly held:
N/A


DATED:  July 8, 2008
       Spring Valley, NY    _____ /s/ _____

        Shmuel Klein (SK 7212) Fed Court Only
        Law Office of Shmuel Klein, PC
        Attorney for Plaintiffs
        268 ROUTE 59
        Spring Valley, NY   10977
        (845) 425-2510

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
LAMONT B. SIMMONS
MELISSA R. SIMMONS
on Behalf of Themselves and All Others
Similarly Situated                        **AMENDED CLASS ACTION**
            Plaintiffs,          **COMPLAINT FOR VIOLATION**
                                          **OF THE FAIR DEBT**
vs.                                       **COLLECTION PRACTICES ACT**

ROUNDUP FUNDING, LLC                       Plaintiffs Demand A Trial By Jury
MALEN & ASSOCIATES, P.C.
      Defendants.
-------------------------------------x

## INTRODUCTION

1.    Plaintiffs, Lamont B. Simmons and Melissa R. Simmons, on behalf of themselves

and all others similarly situated, seek redress for the unfair and deceptive practices of

Roundup Funding, LLC and Malen & Associates, P.C., which violated the Fair Debt

Collection Practices Act, 15 U.S.C. §1692 et seq., ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has federal question jurisdiction under 28 U.S.C. §1331 and 15 U.S.C.

§ 1692k(d).

3.    Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and

transactions that give rise to this action occurred, in substantial part, this district. Venue is

also proper in this district because Defendants transact business in this district and the

interests of justice require maintenance of this action in this district.



1

Case 7:08-cv-06263-SCR   Document 7-3   Filed 08/26/2008   Page 3 of 10
07/22/2008 13:03 IFAX fax@malen.com                    → FAX EMAIL ACCOUN ☑004/011
Jul.22. 2008 11:47AM                                    No.9661  P. 4/11

## PARTIES

1. Plaintiffs, LAMONT B. SIMMONS and MELISSA R. SIMMONS are husband and wife residing at 5 Zachery Court, Chestnut Ridge, New York, 10977, Rockland County. And are "consumers," as defined by § 1692a(3) of the FDCPA.

2. Defendant, ROUNDUP FUNDING, LLC (hereinafter "Roundup") is a debt collection agency with its corporate office located at MS 550, PO Box 91121, Seattle, Washington, 9811-9221, and is regularly engaged in the collection of debt in this state. Roundup Funding, LLC is a "debt collector" as defined by §·1692a(6) of the FDCPA.

3. Defendant, MALEN & ASSOCIATES, P.C., is a collections attorney, doing business at 123 Frost Street, Westbury, NY 11590, and is a "debt collector" as defined by § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS PARTICULAR TO LAMONT B. SIMMONS AND MELISSA R. SIMMONS

4. Plaintiffs, Lamont B. and Melissa R. Simmons filed for Bankruptcy on October 30, 2007.

5. Plaintiffs listed Applied Card Systems, Inc., as an unsecure creditor on Schedule F, with the amount of the debt being $1,100.00.

6. On December 6, 2007, Roundup Funding, LLC filed a proof of claim against Plaintiffs in the amount of $2,039.71.

7. An "account summary" was attached to the proof of claim, and indicated that Roundup Funding, LLC is the assignor of Applied Card Systems, Inc. This "account summary" was merely a self-generated statement by Defendants.

8. No documents supporting the debt were attached to the proof of claim.

9.  Roundup Funding, LLC failed to attach any proof that they were the assignees of

    Plaintiffs' account.

10. On March 14, 2008, the Law Office of Shmuel Klein, PC, on behalf of Plaintiffs, filed

    an objection to Roundup's claim.

11. On April 1, 2008, Malen & Associates filed a Response to Plaintiffs' Motion, on

    behalf of its client, Roundup Funding, LLC, attaching the same "account summary" and

    a copy of Plaintiffs' Bankruptcy Schedule F, in its support of the validity of the claim,

    to collect a debt.

12. On April 15, 2008, Malen & Associates filed a supplemental Response to Plaintiffs'

    Motion, on behalf of its client, Roundup Funding, LLC. Malen & Associates attached as

    an exhibit an "Assignment of Accounts", which showed that Roundup Funding, LLC

    bought 804 accounts from Applied Card Systems, Inc., also to collect a debt. The

    assignment of accounts did not list Plaintiffs' account.

13. On April 17, 2008, a hearing was held in front of the Honorable Judge Hardin, who

    Ordered that the claim be reduced to $1,100.00, the amount stated in Plaintiffs'

    schedules.

14. Neither Roundup Funding, LLC nor its attorney, Malen & Associates, P.C., were in

    possession of any original documents that would show that Plaintiffs incurred the

    alleged debt, or agreed to pay the alleged debt. Defendants had no documents that

    would show the terms of payment requirements and interest charges on the alleged debt,

    or any statements or other documents showing payment history of the debt.

15. Roundup Funding, LLC, individually and through its attorney, Malen & Associates, P.C., attempted to collect a non-existent debt, by almost doubling the debt Plaintiff owed to Applied Card Systems, Inc.

16. Upon information and belief, Roundup Funding, LLC, and its attorney, Malen & Associates, P.C., engage in a pattern and practice of repeatedly attempting to collect non-existent debts, inflating debt amounts, and filing proofs of claim in bankruptcy proceedings without any documentation which would give them the right to collect the debt.

<u>COUNT I</u>

*Violation of the Fair Debt Collection Practices Act, Sections 1692e and 1692f, against Defendants, brought by Lamont B. Simmons and Melissa R. Simmons, individually and on behalf of a class*

17. The allegations of paragraphs 1-16 in this pleading are incorporated as if fully rewritten herein.

18. This Complaint is brought by Lamont B. Simmons and Melissa R. Simmons on behalf of a class. The class consists of all consumers consumers residing in the State of New York who, according to Court and Defendants' records meet the following criteria: (a) within one year prior to the filing of this action; (b) filed for bankruptcy; (c) Roundup Funding, LLC and/or Malen & Associates, P.C. filed papers post petition to collect a prepetition debt; (d) the amount of the alleged debt was not owed by the Debtors to the original creditor as indicated in the claim; or (e) Roundup Funding, LLC and/or Malen & Associates, P.C. failed to attach any proof of the alleged debt.

19. The claims asserted in this Count satisfy all requirements of Federal Rule of Civil Procedure 23(a).

4

07/22/2008 13:03 IFAX fax@malen.com            → FAX EMAIL ACCOUN ☐007/011
Jul.22. 2008 11:48AM                            No.9661   P. 7/11

20. The Class for whose benefit this action is brought is so numerous that joinder of all class members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that Roundup Funding, LLC, file bankruptcy claims en masse and are assisted by and through its attorneys, Malen & Associates, P.C., in attempting to collect non-existing debts from Debtors, when they have no documents to prove that they own the alleged debts and are entitled to collect the debts.

21. There are questions of fact and law common to the Class that predominate over any questions affecting only individual class members. Among the common questions of law and fact are whether Defendants routinely file claims in consumer bankruptcies, attempting to collect non-existent debt, without being in possession of any agreements, or documents creating such a debt or authorizing collection of the alleged debt(s), in violation of 15 U.S.C. § 1692e and § 1692f.

22. The only individual issue is the identification of the consumers who filed for bankruptcy and Defendants, jointly or individually, filed a claim for a non-existent debt, without having any documents which form a basis for collection of the alleged debt, (ice. the class members), a matter capable of ministerial determination from the Defendants' records, and the clerk of the Bankruptcy Court, readily available on PACER.

23. Plaintiffs' claims are typical of the claims of the other members of the Class, inasmuch as all claims arise out of Roundup Funding, LLC's systematic procedures for generating and filing claims in consumer bankruptcies. Plaintiff has no interests antagonistic to the interests of the other members of the Class.

5

24. Plaintiffs are committed to the vigorous prosecution of this action and have retained

competent counsel experienced in the prosecution of class actions and consumer

litigation.

25. Accordingly, Plaintiffs are adequate representatives of the class and will fairly and

adequately protect the interests of the Class.

26. A class action is an appropriate and superior method for the fair and efficient

adjudication of the present controversy given the following factors:

A. Common questions of law and/or fact predominate over any individual
questions which may arise and, accordingly, there would accrue enormous
savings to both the Court and the Class in litigating the common question
on a class-wide instead of a repetitive individual basis; and

B. The aggregate volume of the individual class members' claims, coupled
with the economies of scale inherent in litigating similar claims on a
common basis, will enable this case to be litigated as a class action on a
cost-effective basis, especially when compared with repetitive individual
litigation.

27. Class certification is also fair and efficient because prosecution of separate actions by

individual Class members would create a risk of differing adjudications with respect to

such individual members of the Class, which as a practical matter may be dispositive of

the interests of other members not parties to the adjudication, or substantially impair or

impede their ability to protect their interests. Moreover, since the actual monetary

damages suffered by, or statutory damages available to individual Class members may

be relatively small, although significant in the aggregate, the expenses and burdens of

individual litigation make it impossible or effectively impossible for the members of the

Class to seek individual redress for the FDCPA violations committed by Defendants.

Congress specifically envisioned class actions as a principal means of enforcing the

FDCPA. See 15 U.S.C. § 1692(k).

Case 7:08-cv-06263-SCR    Document 7-3    Filed 08/26/2008    Page 8 of 10
07/22/2008 13:03 IFAX fax@malen.com                    → FAX EMAIL ACCOUN ☑009/011
Jul.22. 2008 11:48AM                                        No.9661    P. 9/11

28. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. The records of the individuals encompassed within the Class are in the possession of Defendants.

### *Violation of Section 1692e – False or Misleading Representation*

29. Section 1692e of the FDCPA prohibits debt collectors from making false or misleading representations in their debt collection efforts, from falsely claiming they have a legal right to collect a debt, and from misrepresenting the amount of the debt.

30. Specifically, §1692e provides, in relevant part:

> *... the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
>
> *(A) the character, amount, or legal status of any debt;*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

31. Defendants violated § 1692e (and its relevant subsections) by filing claims in consumer bankruptcies wherein they falsely misrepresented the amount of the debt, and wherein they misrepresented that they had a legal right to collect the alleged debts.

### *Violation of Section 1692f – Unfair or Unconscionable Means to Collect a Debt*

32. Section 1692f prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect an alleged debt.

33. Specifically, § 1692f provides in relevant part:

> *...the following conduct is a violation of this section:*

> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

34. Defendants violated § 1692f(1) by filing claims in consumer bankruptcies when they were not in possession of any agreements or documents creating the debt, and such collection was not permitted by law.

## SECOND CLAIM: DECEPTIVE TRADE PRACTICES, VIOLATION OF THE NY GBL § 349

35. The allegations in paragraphs 1-34 in this pleading are incorporated as fully rewritten herein.

36. As alleged herein, Defendants have engaged in unfair and deceptive trade and business practices and are liable unto Plaintiffs and the class under state laws for those violations.

37. Defendants repeatedly engaged in deceptive practices acts by filing claims in bankruptcy court for nonexistent debts, with no proof of the debts and no documents or agreements which would give them the right to collect the debt, in violated NY GBL § 349.

**WHEREFORE**, Plaintiffs Lamont B. Simmons and Melissa R. Simmons, respectfully request that this Court grant the following relief in their favor, and on behalf of the members of the Class, against all defendants as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Actual Damages as provided by NY GBL § 349.

8

(C) Attorney's fees, litigation expenses and costs; and

(D) Any other relief that this Court deems appropriate under the circumstances.

### JURY DEMAND

Plaintiffs respectfully request a trial by jury.

DATED: Spring Valley, NY
July 21, 2008

                                      /s/
                                      Shmuel Klein (SK 7212) Fed Court Only
                                      Law Office of Shmuel Klein, PC
                                      Attorney for Plaintiffs
                                      268 ROUTE 59
                                      Spring Valley, NY 10977
                                      (845.425-2510

EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND JUDICIAL DEPARTMENT

8272Z
S/hu

_____ AD2d _____

GUY JAMES MANGANO, P.J.
LAWRENCE J. BRACKEN
ALBERT M. ROSENBLATT
SONDRA MILLER
WILLIAM C. THOMPSON, JJ.

95-09901

In the Matter of Shmuel B. Klein,
an attorney and counselor-at-law,

Grievance Committee for the Ninth
Judicial District, petitioner;
Shmuel B. Klein, respondent.

OPINION & ORDER

DISCIPLINARY proceeding instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the practice of law by this court on June 29, 1988, under the name Shmuel Berel Klein. By order of this court dated January 3, 1996, the issues raised in the petition and in the answer were referred to the Honorable Lawrence Martin, as Special Referee, to hear and report.

Gary L. Casella, White Plains, N.Y. (Gloria A. Bunze of counsel), for petitioner.

Shmuel Klein, Spring Valley, N.Y., respondent *pro se*.

PER CURIAM.                              The petition contains three charges of professional misconduct against the respondent. After a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm, and the respondent cross moves to disaffirm, the report of the Special Referee.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102(A)(4) (22 NYCRR 1200.3[a][4]), conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102(A)(8) (22 NYCRR 1200.3[a][8]), and conduct that is prejudicial to the administration of justice, in violation of Code of Professional

Responsibility DR 1-102(A)(8) (22 NYCRR 1200.3[a][8]), in connection with his handling of a bankruptcy matter in the United States Bankruptcy Court entitled *In Re Moses Stein, Debtor*. The facts underlying Charge One are as follows:

1.        In an "Extract of Bench Ruling Dismissing Chapter 13 Case and Imposing Sanctions on the Debtor's Attorney" (hereinafter bench ruling) dated June 9, 1994, the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, found that the respondent, the debtor's attorney, engaged in improper conduct.

2.        In the bench ruling, the court found that the respondent attempted to present an ex parte order to show cause to the court on or about March 28, 1994, which the court declined to entertain. The object of the order to show cause was to reimpose an automatic stay on the foreclosure sale of the debtor's home.

3.        The court further found that, when the respondent again presented the order to show cause in the presence of the bank's attorney on or about March 30, 1994, he initially contended that a foreclosure sale of the debtor's home was imminent, which was not the case since no sale had been scheduled.

4.        The respondent then represented that the debtor's confirmation hearing was scheduled for April 7, 1994, and that it was necessary to resolve the stay issue before then. Based on the respondent's representation, the court scheduled the hearing on the debtor's motion for April 6, 1994.

5.        The court found that the respondent gave false testimony at the hearing on April 6, 1994, and that the respondent lied to cover his office's mistake in sending three checks for past due mortgage payments to the bank's attorneys rather than to the bank.

6.        At the hearing on April 6, 1994, the court sanctioned the respondent for the aforementioned conduct, ordering him to pay $500 to the bank. When the bench ruling was reduced to writing, some nine weeks later, the respondent still had not paid the sanction.

7.        The court further found that, throughout the many proceedings in the Stein bankruptcy matter, the respondent failed to disclose that the Chapter 13 trustee had moved before another United States Bankruptcy Court Judge, Judge Jeffrey Gallet, to dismiss or convert the matter pursuant to 11 USC § 1307(c)(1), (c)(4) due to the debtor's failure to appear at a "section 341" hearing and to deposit necessary funds with the trustee.

MATTER OF KLEIN, SHMUEL B.

8.        In the bench ruling, the court noted that the trustee's motion was returnable on April 7, 1994, the date that the respondent represented to the court as the date of the debtor's confirmation hearing. On that date, however, neither the debtor nor the respondent appeared in response to the trustee's motion or at the confirmation hearing. By an order dated April 7, 1994, Judge Gallet granted the trustee's motion and dismissed the case.

9.        The court also noted that the foreclosure sale was rescheduled for the end of April 1994. On April 26, 1994, on the heels of the previous dismissal and on the eve of the sale, the respondent, on behalf of the debtor, filed a second bankruptcy petition.

10.        The court found that the second bankruptcy petition constituted an "abusive" Chapter 13 filing that was not done in good faith, but to frustrate the legitimate rights of the bank. The court further found that the second petition flouted a prior order of the court granting conditional relief from the stay, caused the bank unnecessary expenses, and abused the bankruptcy process.

11.        The court also found that the respondent falsely certified, in response to a question on the second bankruptcy petition, that the debtor had not filed a bankruptcy petition during the previous six years. The court found that the respondent knew, based on his personal knowledge, that the debtor was ineligible to file the second bankruptcy petition since he had filed a petition on the debtor's behalf in November 1993, which was dismissed on April 7, 1994. Thus, the court found that the second petition was interposed to delay the foreclosure.

12.        Based on the aforementioned violations, the court directed the respondent to pay, within 30 days, sanctions in the sum of $3,500: $2,500 to the Clerk of the United States Bankruptcy Court and $1,000 to the bank as compensation for its expenses, including attorney's fees.

Charge Two alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102(A)(8) (22 NYCRR 1200.3[a][8]), and conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102(A)(5) (22 NYCRR 1200.3[a][5]), in connection with his handling of a legal malpractice case entitled *Eliezer Goldstock and American Jewish Society for Distinguished Children, Inc. v Shmuel B. Klein.* The facts underlying Charge Two are as follows:

MATTER OF KLEIN, SHMUEL B.

1.        In a decision and order of the Supreme Court, Rockland County, dated October 6, 1994, the Honorable Anthony A. Scarpino, Jr., *inter alia*, dismissed 10 of the respondent's affirmative defenses in the above-entitled action, finding that either they were not defenses to the alleged claim or they were wholly without merit. The court noted that, despite the plaintiff's challenge, the respondent failed to making any showing of merit to the dismissed defenses.

2.        In the aforementioned decision and order, the court warned the respondent and opposing counsel "that the abusive nature of the pleadings, correspondence, and conduct in this action must stop here. The hyperbole, harassment, and histrionics will no longer be tolerated. Failure to heed this warning will result in sanctions and referral by the Court to the Grievance Committee." The court also stated that no further motions could be made without prior court approval.

3.        Upon information and belief, Justice Scarpino was reassigned on or about January 1, 1995, and the matter was transferred to the Honorable Kenneth W. Rudolph.

4.        On or about March 16, 1995, Justice Rudolph sent the respondent and opposing counsel a letter in which he stated that the "stern warning" issued by Justice Scarpino, Jr., in his decision and order dated October 6, 1994, had "been ignored and had gone unheeded".

5.        Justice Rudolph's letter also stated that, despite Justice Scarpino's order that no further motions be made without prior court approval, counsel continued the behavior described by Justice Scarpino as if the prior order never existed.

6.        Justice Rudolph's letter advised counsel that a hearing would be held on March 21, 1995, to determine whether sanctions would be imposed against them for dilatory and oppressive conduct in violation of the prior orders of the court.

7.        In a decision and order dated March 29, 1995, Justice Rudolph, *inter alia*, found that, "[i]n complete contravention of the prior order of this Court and in violation of the preliminary conference order to serve his answer to the amended complaint the [respondent] has made an Omnibus Motion to compel arbitration, to renew previous motions to strike, to dismiss plaintiffs' complaint and to dismiss the action as to the individual plaintiff, Eliezer M. Goldstock".

8.        In the March 29, 1995, order the court also found that the omnibus motion included the respondent's third motion to compel arbitration, the two prior applications having been denied by the same court. Moreover, the respondent admitted to the court that he had no legal basis for making such application and that his request for arbitration was based on religious laws.

9.        The court further found that, when opposing counsel agreed to a discontinuance of the action on behalf of the individual plaintiff pursuant to the respondent's motion (see subparagraph 7 above), the respondent said, "I changed my mind, I want him in the action," and the respondent did not want that portion of the relief requested. The court stated, "[T]his contemptuous response clearly demonstrates [the respondent's] intent to harass his adversary and grind this litigation to a halt in a sea of frivolous motions."

10.        The court further stated that the respondent's attempt to revisit the previous decisions of the court was equally egregious.  Despite the court's admonitions, the respondent displayed what appeared to be a complete lack of understanding of the serious nature of the proceedings by submitting a further affirmation in support of his omnibus motion on March 24, 1995, three days after a hearing on sanctions was completed by the court.

11.        Based on the aforesaid conduct, the court imposed sanctions of $1,000 against the respondent, ordering him to pay that sum to the Lawyers' Fund for Client Protection of the State of New York within 20 days and to file proof of payment with the Clerk of the Supreme Court, Rockland County, within 10 days thereafter.

12.        On or about May 4, 1995, Justice Rudolph sent the respondent a letter in which he stated that opposing counsel had been given permission to file a motion for summary judgment in response to which the respondent interposed affirmative defenses previously dismissed by a prior order of the court.  The letter further stated that the respondent's correspondence indicated the respondent's awareness that he was not to revisit the previously dismissed defenses.

Charge Three alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102(A)(4) (22 NYCRR 1200.3[a][4]), and/or conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102(A)(8) (22 NYCRR 1200.3[a][8]), by making a false and/or misleading statement in his answer to a complaint of professional

misconduct. The facts underlying Charge Three are as follows:

1.    On or about March 14, 1995, the Grievance Committee received a complaint of professional misconduct against the respondent alleging that he lied and/or made misrepresentations regarding his malpractice insurance in the course of defending the aforementioned legal malpractice action.

2.    In his written answer to the complaint, dated March 21, 1995, the respondent stated, "I have never had a malpractice claim and try very hard not [sic] to avoid them."

3.    The respondent, in fact, has had at least one additional legal malpractice claim filed against him as a third-party defendant in an action entitled *Thalenberg v Rosenfeld and Charles/Charles v Klein*. The third-party summons and verified complaint were filed on or about April 27, 1994, in the Supreme Court, Rockland County.

At the prehearing conference the respondent made the following admissions: With regard to Charge One, the respondent admitted that, by an order dated April 7, 1994, Judge Gallet granted the trustee's motion and dismissed the Stein bankruptcy petition. The respondent also admitted that, on April 26 1994, he filed a second bankruptcy petition on Mr. Stein's behalf. With regard to Charge Two, the respondent admitted most of the underlying facts, but denied the correctness of the court's decisions finding his conduct improper. Finally, with regard to Charge Three, the respondent admitted that, in his written answer to a complaint of professional misconduct, he stated, "I have never had a malpractice claim and try very hard not [sic] to avoid them."

In view of the documentary evidence submitted by the Grievance Committee, the respondent's admissions, and the testimony adduced at the hearing, the Special Referee properly sustained all three charges against the respondent. Thus, the petitioner's motion to confirm the Special Referee's report is granted, and the respondent's cross motion to disaffirm the Special Referee's report is denied.

In determining the appropriate measure of discipline to impose, we have considered the mitigating factors proffered by the respondent with regard to Charge Two, including the nature of the relationship between him and Mr. Goldstock and the fact that the underlying action was ultimately discontinued with prejudice.

MATTER OF KLEIN, SHMUEL B.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of five years.


MANGANO, P.J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

ORDERED that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

ORDERED that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

ORDERED that the respondent, Shmuel B. Klein, is suspended from the practice of law for a period of five years, commencing July 30, 1997, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent, Shmuel B. Klein, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.


ENTER MARTIN H. BROWNSTEIN

Martin H. Brownstein
Clerk

SUPREME COURT, STATE OF NEW YORK
APPELLATE DIVISION SECOND DEPT
I, JAMES EDWARD PELZER, Clerk of the Appellate Division of the Supreme Court, Second Judicial Department, do hereby certify that I have compared this copy with the original filed in my office on 6/30/97 and that this copy is a correct transcription of said original.
IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of this Court on 8/1/08

June 30, 1997                    MATTER OF KLEIN, SHMUEL B.                    Page 8.

EXHIBIT D

# MALEN & ASSOCIATES, P.C.

### ATTORNEYS AT LAW
-----
123 FROST STREET · WESTBURY, NY · 11590
516/334-3500 · FAX 516/479-5999

PAUL W. MAHLER
SUPERVISING ATTORNEY
DIRECT: 516/479-5951

July 18, 2008

Shmuel Klein, Esq.
268 Route 59
Spring Valley, NY 10977

Re:     Simmons v. Malen & Associates, p.c. et. al.

Dear Mr. Klein:

I am writing in response to the complaint filed in the above referenced matter.  Please be advised that if this matter is not dismissed as to Malen & Associates, p.c. on or before July 23, 2008, I will be filing a motion pursuant to Rule 11 of the Federal Rules of Civil Procedures for sanctions. Additionally, I will be filing a motion to dismiss and requesting attorney's fees under the Fair Debt Collection Practices Act.

It is clear that this complaint is of a frivolous nature and none of the allegations contained in the complaint are supported by documentary evidence. Plaintiff's allegations that Malen & Associates, p.c. filed any proof of claims are clearly erroneous. This is easily verified by a review of the proof of claim itself and the bankruptcy docket. Malen & Associates, p.c.'s only function in the bankruptcy matter was defending its client Roundup Funding, LLC against a motion filed by Plaintiffs herein. Malen & Associates, p.c. was not acting as a debt collector in the matter and as such no liability can be found under the Fair Debt Collection Practices Act.

As set forth above a motion for sanctions and a motion to dismiss requesting attorney fees under the Fair Debt Collection Practices Act will be filed in this matter if it is not dismissed on before July 23, 2008.

If there is any further information that you may require, please do not hesitate to contact me at your earliest convenience.

Very truly yours,
Malen & Associates, p.c.

By:
Paul W. Mahler

# Law Office of Shmuel Klein, PC

### Attorneys and Counselors at Law

**268 West Route 59**
**Spring Valley, NY 10977**
**845-425-2510**
Federal Court Only
E-mail-shmuel.klein@verizon.net

**113 Cedarhill Ave.**
**Mahwah, NJ 07430**
**201-529-3411**
State & Federal Court

July 21, 2008

Paul Mahler
Malen & Associates, P.C.
123 Frost Street
Westbury, NY 11590

Re:     Simmons et al. vs. Malen & Associates, P.C. et al.
        Case No. 08-cv-6263

Dear Mr. Mahler,

I am in receipt of your letter dated July 18, 2008, wherein you threaten to file a Rule 11 motion should Plaintiff not dismiss the Complaint against Malen & Associates, P.C. by July 23, 2008. After review of the file, I determined that while Roundup Funding did indeed file its own claim in Plaintiffs' bankruptcy, Malen & Associates defended the claim in the Opposition to Motion Objecting to Claim. Malen & Associates did not attach any documentation for the claim which would form the basis of collection of the claim amount. Malen & Associates merely attached the same "Account Summary" as Roundup Funding attached to the claim, as well as an "Assignment of Accounts" wherein there was no mention of Plaintiffs, individually or the amount they allegedly owed.

Enclosed please find the Amended Complaint. The Amended Complaint reflects a correction of the factual allegations, eliminating the allegation that Malen & Associates filed the initial proof of claim on behalf of Roundup Funding, as was stated in the Complaint. However, the remaining allegations against Malen & Associates remain. The lawsuit against Malen & Associates which was filed in good faith, for your involvement in attempting to collect an erroneous debt, will not be dismissed.

Respectfully,

Shmuel Klein
/za

# MALEN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

-----

123 FROST STREET · WESTBURY, NY · 11590
516/334-3500 · FAX 516/479-5999

PAUL W. MAHLER
SUPERVISING ATTORNEY
DIRECT: 516/479-5951

July 22, 2008

Shmuel Klein, Esq.
268 Route 59
Spring Valley, NY 10977

Re:    Simmons v. Malen & Associates, p.c. et. al.

Dear Mr. Klein:

I am writing in response to the amended complaint filed in the above referenced matter. The complaint is still fatally flawed as to a cause of action against Malen & Associates, p.c. At no time did Malen & Associates, p.c. attempt to collect a debt from the Plaintiff. Malen & Associates, p.c. appeared as counsel to oppose a motion made by the Plaintiff in the underlying bankruptcy matter. Your allegation that an exhibit annexed to the opposition to Plaintiff's motion constitutes the claim is disingenuous at best. The reference in the motion was to the filed Proof of Claim. Obviously, one can not change the documents it is referencing. Malen & Associates, p.c.'s actions in opposing Plaintiff's motion does not constitute an attempt to collect a debt under the Fair Debt Collection Practices Act. Additionally, the litigation privilege would clearly apply to this matter.

Moreover, I recommend you review the Amended Proof of Claim that was filed by Roundup Funding LLC. Annexed to the Amended Proof of Claim are statements which when the interest is calculated current, supports the amount that was listed on the Proof of Claim. As such, no cause of action lies against Malen & Associates, p.c. or Roundup Funding, LLC.

In light of the above, if this matter is not dismissed as to Malen & Associates, p.c. on or before July 23, 2008, I will be filing a motion pursuant to Rule 11 of the Federal Rules of Civil Procedures for sanctions. Additionally, I will be filing a motion to dismiss and requesting attorney's fees under the Fair Debt Collection Practices Act.

If there is any further information that you may require, please do not hesitate to contact me at your earliest convenience.

Very truly yours,
Malen & Associates, p.c.

By:
Paul W. Mahler

07/23/2008 11:03 IFAX fax@malen.com                    → FAX EMAIL ACCOUN ☑001/001
Jul. 23. 2008 10:56AM                                   No. 7970   P. 1

# Law Office of Shmuel Klein, PC

### Attorneys and Counselors at Law

**268 West Route 59**                                   **113 Cedarhill Ave.**
**Spring Valley, NY 10977**                             **Mahwah, NJ 07430**
**845-425-2510**                                        **201-529-3411**
Federal Court Only                                      State & Federal Court
E-mail-shmuel.klein@verizon.net

July 23, 2008

<u>Via Facsimile</u>
516-479-5999

Paul Mahler
Malen & Associates, P.C.
123 Frost Street
Westbury, NY 11590

      Re:   Simmons et al. vs. Malen & Associates, P.C. et al.
              Case No. 08-cv-6263

Dear Mr. Mahler,

     We believe that pursuant to the Bankruptcy Code, the purpose of a Proof of Claim is to collect pre-petition debt. You were involved in the process of collecting a debt through defending the Proof of Claim. If you would like to discuss settlement, please contact me.

Sincerely,

Shmuel Klein
/za

# MALEN & ASSOCIATES, P.C.

### ATTORNEYS AT LAW

-----

123 FROST STREET · WESTBURY, NY · 11590
516/334-3500 · FAX 516/479-5999

PAUL W. MAHLER
SUPERVISING ATTORNEY
DIRECT: 516/479-5951

July 23, 2008

Shmuel Klein, Esq.
268 Route 59
Spring Valley, NY 10977

Re:    Simmons v. Malen & Associates, p.c. et. al.

Dear Mr. Klein:

I am writing to provide you with one last opportunity to withdraw your Complaint, on or before July 24, 2008 based upon the following:

1)    Upon our review of the Fair Debt Collection Practices Act, as recently amended, the filing of a pleading is not a communication under the act, and therefore no cause of action arises. As our appearance was solely on the basis of filing a pleading in opposition to the Debtors' motion it does not arise to a communication under the Act.

2)    At no time did Malen & Associates, p.c. attempt to collect a debt from your client or act as a debt collector. Malen & Associates, p.c. acted as an attorney representing a client in a bankruptcy proceeding.

3)    There are numerous opinions addressing the fact that no FDCPA claim may be brought based upon an alleged inflated proof of claim filing. The sole remedy is with the bankruptcy court. Please see Diamante v. Solomon & Solomon, P.C., No. 99-1339, 2001 WL 1217226 (N.D.N.Y. Sept. 18, 2001), Gray-Mapp v. Sherman, 100 F. Supp. 2d 810 (N.D. ILL. 1999) and In Re Cooper 253 B.R. 286 (Bankr. N.D. Fla 2000).

As I have clearly provided you with sufficient support of our position it is with reluctance that I advise you that we are going to seek full recourse against you under the attorney fee provision under the Fair Debt Collection Practices Act and Rule 11 of the Federal Rules of Civil Procedure. Any attempt by you to claim in the future that you did not understand our position will be vigorously attacked.

Very truly yours,
Malen & Associates, p.c.

By:
Paul W. Mahler

EXHIBIT E

COPIES SENT

By

date

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

U.S. DISTRICT COURT — N.D. OF N.Y.
FILED

SEP 18 2001

O'CLOCK
Lawrence K. Baerman, Clerk — Syracuse

ALFRED E. DIAMANTE,

                                    Plaintiff,

        v.                                          1:99-CV-1339
                                                    (FJS/DRH)
SOLOMON & SOLOMON, P.C.,

                                    Defendant.

APPEARANCES                         OF COUNSEL

**OFFICE OF RICHARD DIMAGGIO**      **RICHARD DIMAGGIO, ESQ.**
P.O. Box 104
Clifton Park, New York 12065
Attorneys for Plaintiff

**SOLOMON & SOLOMON, P.C.**         **DOUGLAS FISHER, ESQ.**
Five Columbia Circle
Box 15019
Albany, New York 12212-5019
Attorneys for Defendant

**SCULLIN, Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff filed this action against Defendant on August 24, 1999. His complaint alleges

two federal causes of action and three state law causes of action. In his federal claims, Plaintiff

asserts that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§ 1692 *et seq.,* and that, as a result, he is entitled to attorneys' fees pursuant to 15 U.S.C.

§ 1692k(a)(3). Plaintiff's state law claims sound in conversion, abuse of process and intentional

infliction of emotional distress.

AO 72A
(Rev.8/82)

Presently before the Court are Defendant's objections to Bankruptcy Judge Littlefield's Report-Recommendation; Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and Plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court heard oral argument in support of, and in opposition to, these motions and objections on September 22, 2000 in Albany, New York. At that time, the Court reserved decision. Subsequently, the Court granted both parties leave to file limited supplemental case law regarding the issues under consideration. The following constitutes the Court's decision with respect to the pending motions.

## II. BACKGROUND

Plaintiff filed a Chapter 13 petition on June 9, 1994. On July 12, 1994, Plaintiff's then-attorney Mark S. Ehrlich wrote to Valerie Solomon, principal of Defendant, advising her of the bankruptcy regarding another creditor, Niagara Mohawk Power Corporation. Plaintiff's case was converted to a Chapter 7 on December 6, 1995. Plaintiff contends that his then-attorney Mr. Ehrlich notified Valerie Solomon of the Chapter 7 bankruptcy again on April 23, 1996 as it applied to Niagara Mohawk Power Corporation.

Plaintiff eventually realized that he had forgotten to list another creditor, Monogram Bank ("Monogram"). Monogram had hired Defendant to collect Plaintiff's debt. Defendant had already obtained a default judgment against Plaintiff regarding this debt in state court on February 19, 1997.

On January 16, 1998, Plaintiff filed an amended schedule which included the Monogram debt ("the debt"). Upon receipt of this amendment, Defendant's attorney wrote a letter to

-2-

Plaintiff's attorney, on February 2, 1998, advising him that he considered the debt still valid pursuant to 11 U.S.C. § 523. Plaintiff contends that Defendant never filed an adversarial proceeding or sought a determination from the bankruptcy court. Rather, he only wrote the letter stating that Defendant deemed the debt still valid.

Plaintiff received a discharge in his bankruptcy proceeding on November 16, 1998. Plaintiff contends that despite receiving notice of the amendment, notice of the proceeding, and notice of the discharge, Defendant froze Plaintiff's bank account in May 1999. Plaintiff's alleged injuries arose out of the freezing of the bank account.

After Plaintiff filed his complaint in this Court, Defendant filed a motion to dismiss. On October 13, 1999, this Court heard oral argument with respect to that motion and decided that the question of whether the debt had been discharged was fundamental to its determination of Plaintiff's motion. Therefore, with the parties' consent, the Court referred the matter to Bankruptcy Judge Littlefield, requesting a determination of whether the debt had been discharged. The Court also referred all questions pertaining to the application of the Bankruptcy Code to Judge Littlefield. In light of the referral, the Court denied Defendant's motion to dismiss without prejudice.

On July 21, 2000, Judge Littlefield issued a Report-Recommendation in which he found that the debt was discharged in November 1998, that Defendant violated the injunction provision of 11 U.S.C. § 524 when it restrained Plaintiff's bank account in May 1999, and that any damages Plaintiff suffered were negated because Defendant had adequately demonstrated the prerequisites for laches. Defendant urged adoption of the Report-Recommendation, which effectively would require this Court to dismiss the present action on the basis of laches. In the alternative,

-3-

Defendant filed objections to the extent that this Court did not adopt the Report-Recommendation and dismiss this action.

With this procedural background in mind, the Court will address the issues raised *seriatim*.

### III. DISCUSSION

**A.    The Bankruptcy Code's effect on Plaintiff's state law claims**

The vast majority of courts that have addressed the issue have held that the Bankruptcy Code preempts state law claims that are based upon allegations that the defendant violated the Bankruptcy Code. *See, e.g., MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir. 1996) (Chapter 11; finding claim for malicious prosecution preempted); *Bessette v. Avco Fin. Servs., Inc.*, 240 B.R. 147 (D.R.I. 1999) (Chapter 7; finding claim for unjust enrichment preempted), *aff'd in part, vacated in part on other grounds*, 230 F.3d 439 (1st Cir. 2000). *Holloway v. Household Auto. Fin. Corp.*, 227 B.R. 501 (N.D. Ill. 1998) (Chapter 13; finding claim under Illinois Consumer Fraud and Deceptive Practices Act preempted); *Cox v. Zale Del., Inc.*, No. 97 C 4464, 1998 WL 397841 (N.D. Ill. July 13, 1998) (Chapter 7; finding state law claim for unjust enrichment preempted); *Pereira v. First N. Am. Nat'l Bank*, 223 B.R. 28 (N.D. Ga. 1998) (Chapter 7; finding state law claims for an accounting and unjust enrichment preempted); *In re Shape, Inc.*, 135 B.R. 707 (D. Me. 1992) (finding claim under Massachusetts Consumer Protection Act preempted). *But see, Wagner v. Ocwen Fed. Bank, FSB*, No. 99 C

AO 72A
(Rev.8/82)

5404, 2000 WL 1382222 (N.D. Ill. Aug. 28, 2000) (finding state law claims not preempted).[1]

All of the courts that have held that the Bankruptcy Code preempts state law claims based upon violations of the Bankruptcy Code have reasoned that "the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code . . . demonstrate[] Congress' intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike." *MSR Exploration, Ltd.*, 74 F.3d at 914 (footnote omitted). Therefore, those courts have concluded that because the Bankruptcy Code provides a remedial scheme for addressing violations of the Bankruptcy Code it preempts state law claims based upon such violations. *See, e.g., In re Shape, Inc.*, 135 B.R. at 708 ("Since the [Bankruptcy Code] is applicable here, and has its own enforcement scheme and separate adjudicative framework, it must supercede any state law remedies."). The Court finds the reasoning and the conclusions of those courts persuasive.

In the present case, the sole basis for Plaintiff's state law claims is his allegation that Defendant violated § 524 of the Bankruptcy Code by attempting to collect a discharged debt. By asserting these claims, Plaintiff is, in effect, attempting to circumvent the enforcement and remedial scheme of the Bankruptcy Code, which provides a remedy for any violation of § 524 in the form of possible contempt sanctions. To permit such claims would thwart Congress' intent in promulgating the Bankruptcy Code to create a singular federal system to adjust all of the rights and duties of both creditors and debtors. Accordingly, the Court grants Defendant's motion to

---

[1] In holding that the Bankruptcy Code did not preempt the plaintiff's state law claims, the court in *Wagner* did not address those claims in any detail. The court merely held that those claims were not preempted for the same reasons that it found that the plaintiff's FDCPA claims were not preempted. *See Wagner*, 2000 WL 1382222, at *3.

-5-

dismiss Plaintiff's state law claims on the grounds that the Bankruptcy Code preempts them.

**B.    The Bankruptcy Code's effect on Plaintiff's FDCPA claim**

The courts that have addressed the issue of whether the Bankruptcy Code precludes claims brought pursuant to the FDCPA, which are based upon a defendant's violation of the Bankruptcy Code, are divided. *See, e.g., Walls v. Wells Fargo Bank, N.A.*, 255 B.R. 38 (E.D. Cal. 2000) (finding preclusion); *Kibler v. WFS Fin., Inc.*, No. CV-00-5217, 2000 WL 1470655 (C.D. Cal. Sept. 13, 2000) (same); *Gray-Mapp v. Sherman*, 100 F. Supp. 2d 810 (N.D. Ill. 1999) (same); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, No. 98 C 4280, 1999 WL 284788 (N.D. Ill. Aug. 26, 1999) (same). *But see Peeples v. Blatt*, No. 00 C 7028, 2001 WL 921731 (N.D. Ill. Aug. 15, 2001) (finding no preclusion); *Molloy v. Primus Auto. Fin. Servs.*, 247 B.R. 804 (C.D. Cal. 2000) (same); *Wagner v. Ocwen Fed. Bank, FSB*, No. 99 C 5404, 2000 WL 138222 (N.D. Ill. Aug. 28, 2000) (same).

In *Walls*, a Chapter 7 debtor commenced a proceeding to recover damages for the creditor-defendant's alleged violations of the Bankruptcy Code's automatic stay and discharge injunction provisions. *See* 11 U.S.C. §§ 362, 524. The plaintiff's FDCPA claim was based solely upon the defendant's alleged violations of these two provisions. The court began its analysis by noting that Congress had provided remedies for violations of those provisions in the Bankruptcy Code. *See* 11 U.S.C. §§ 105(1), 362(h), 524(a)(2). Moreover, the court explained that in order to adjudicate the plaintiff's FDCPA claim, which was based upon the defendant's alleged collection of a debt in violation of §§ 362 and 524, the court would first have to decide

(1) whether the payments received from [the] plaintiff were

-6-

> "voluntary" under section 524(f), [(2)] whether [the] defendant was
> required to enter into a reaffirmation agreement with [the]
> plaintiff[] pursuant to section 524(c), and [(3)] whether the "ride
> through" in *In re Parker*, 139 F.3d 668, precluded [the] defendant
> from engaging in the acts [the] plaintiff contends violated sections
> 362 and 524.

*Walls*, 255 B.R. at 47.

Since those issues were completely unrelated to the FDCPA, the court concluded that "allowing [the] plaintiff to proceed with her claims under the FDCPA would risk interfering with 'the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code.'" *Id.* (quotation omitted). Therefore, the court held that the Bankruptcy Code precluded the plaintiff's FDCPA claim because the "remedies for violations of the Bankruptcy Code lie within the Code itself." *Id.*

Similarly, in *Kibler*, the court held that the Bankruptcy Code precluded the plaintiffs' FDCPA claim. In that case, the plaintiffs asserted that "because collection of a discharged debt is not permitted by law under Section 524 of the Bankruptcy Code, such collection practices are 'unfair and unconscionable acts' under the FDCPA." *Kibler*, 2000 WL 1470655, at *9 (citing Compl. ¶ 37). The court held that "[t]o permit [the] plaintiffs to premise FDCPA claims upon alleged violations of Section 524 would disrupt the remedial scheme of the Bankruptcy Code." *Id.* Moreover, the court found that if courts permitted debtors to assert FDCPA claims based upon violations of § 524, they "would 'deliberately bypass' the contempt remedy created by the Bankruptcy Code in favor of a damages recovery under the FDCPA." *Id.* Finally, the court concluded that "[s]uch circumvention of the Bankruptcy Code could not have been Congress' intent in enacting section 1692(f) of the FDCPA." *Id.*

-7-

The court in *Kibler* also relied upon the Supreme Court's decision in *Kokoszka v. Belford*, 417 U.S. 642 (1974), to further support its view that the FDCPA was not applicable in these circumstances. In *Kokoszka*, the Supreme Court stated that "'the Consumer Credit Protection Act [of which the FDCPA is a part] sought to prevent consumers from entering bankruptcy in the first place. However, if despite its protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy Act [the predecessor of the Bankruptcy Code].'" *Id.* (quoting [*Kokoszka*,] 417 U.S. at 650). Based upon this language, the court in *Kibler* reasoned that "[i]f, . . ., Congress did not intend to interfere with the bankruptcy scheme through the Consumer Credit Protection Act, it follows that [the p]laintiff cannot assert a claim for damages under the FDCPA when the Bankruptcy Code does not provide for it." *Id.* According to the court, "[t]o hold otherwise would defeat Congress' intent of providing only a contempt remedy for violations of Section 524."[2] *Id.* (citation omitted).

In *Gray-Mapp*, the court also concluded that the Bankruptcy Code precluded the plaintiff's FDCPA claim. In that case, the plaintiff, a Chapter 13 debtor, brought a post-confirmation suit against counsel for a secured creditor who had allegedly filed an inflated claim,

---

[2] The *Kibler* court distinguished *Molloy*, in which the court held that the Bankruptcy Court did not preclude an FDCPA claim on the ground that in *Molloy* the court had found an implied right of action for damages under § 524. *See Kibler*, 2000 WL 1470655, at *10. Under these circumstances, the court stated that it was "consistent with such a finding for the *Molloy* court to conclude that the FDCPA does not disrupt the Bankruptcy Court's remedial scheme." *Id.* The court reasoned that if a plaintiff were "permitted to seek a damages remedy under section 524, an FDCPA damages remedy [would not be] inconsistent with, and [would not] circumvent, the bankruptcy process." *Id.* However, since the court in *Kibler* did not find an implied right of action under § 524, the court would "not permit [the p]laintiffs to avoid the consequences of this ruling simply by asserting a claim under the FDCPA." *Id.*

It should be noted that a majority of courts that have addressed the issue have held that § 524 does not provide for an implied private right of action. *See, e.g., Walls*, 255 B.R. at 45; *Kibler*, 2000 WL 1470655, at *8.

-8-

asserting a violation of the FDCPA. The court held that an FDCPA claim could not be based on allegedly fraudulent proofs of claim that were filed during bankruptcy proceedings. The court reasoned that neither the Bankruptcy Code nor the FDCPA suggested "that a debtor should be permitted to bypass the procedural safeguards in the Code in favor of asserting potentially more lucrative claims under the FDCPA." *Gray-Mapp*, 100 F. Supp. 2d at 814. Furthermore, the court found that there was "nothing in the FDCPA [which] suggest[ed] that it [was] intended as an overlay to the protections already in place in the bankruptcy proceedings." *Id.*

Likewise, in *Baldwin*, the plaintiff, a Chapter 13 debtor, sought to secure redress under the FDCPA for the defendant's practice of filing claims in Chapter 13 proceedings that demanded payment of interest that was not authorized by law. The court began its analysis by noting that the case raised a potential conflict between two federal statutes because the plaintiff's

> complaint [sought] to produce an external challenge to alleged wrongdoing that occurred during bankruptcy proceedings, which were governed by "the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code," which "create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike."

*Baldwin*, 1999 WL 284788, at *2 (quotation omitted).

The court also relied upon the Supreme Court's decision in *Kokoszka*, which it concluded "impel[led] a finding that an FDCPA claim may not be premised on proofs of claim filed as part of a bankruptcy proceeding." *Id.* at *4. Finally, the court found that permitting debtors to premise FDCPA actions on proofs of claim filed in bankruptcy proceedings would give rise to two definite risks: (1) "that creditors [might] be deterred from filing claims, . . ." and

> [(2)] the possibility of an FDCPA claim, with its provisions

-9-

permitting statutory and actual damages and attorney's fees, could prompt debtors to ignore the procedural safeguards within the Bankruptcy Code, such as the right to object to proofs of claim and to seek sanctions against creditors who violate provisions within the Bankruptcy Code, in favor of the FDCPA.

*Id.* at *5.

In contrast to the above cited cases, the court in *Peeples* concluded that the Bankruptcy Code did not preclude the plaintiff from asserting an FDCPA claim. In that case, the plaintiff alleged that the defendant had violated § 524 of the Bankruptcy Code. The court distinguished the holdings in *Walls* and *Kibler*, in part, because those cases had relied upon *Baldwin* and *Gray-Mapp*, which the court found to be distinguishable from *Peeples* because in those cases the plaintiffs had sought to bring an FDCPA claim on the ground that the defendants had fraudulently inflated the proofs of claim they had filed during bankruptcy proceedings. To the contrary, the court found that because the plaintiff's claim in *Peeples* concerned a collection action that did not occur until after the bankruptcy proceedings had closed, the FDCPA claim would not contravene the Bankruptcy Code's central purpose – "'to adjudicate and conciliate all competing claims to a debtors [sic] property in one forum and one proceeding.'" *Peeples*, 2001 WL 921731, at *4 (quotation omitted).

Likewise, in *Molloy*, the court concluded that the Bankruptcy Code did not preclude the plaintiff's FDCPA claim. In that case, a former Chapter 7 debtor brought a lawsuit to recover for the defendant's alleged violations of the Bankruptcy Code's automatic stay and discharge injunction provisions. All of the plaintiff's claims stemmed from the defendant's alleged attempts to collect debts that the plaintiff ostensibly owed on an automobile lease after the plaintiff had filed for Chapter 7 bankruptcy. The court distinguished *Baldwin* on the ground that that case

-10-

involved allegations of misconduct during the bankruptcy proceedings themselves. *See Molloy*, 247 B. R. at 820. In *Molloy*, however, the plaintiff's FDCPA claim was premised solely upon the defendant's "alleged debt collection activities outside of and in disregard of the bankruptcy proceeding." *Id.* (citation omitted). Moreover, the court found that since the plaintiff had been discharged from her bankruptcy, there was "no danger that allowing her to bring a claim under the FDCPA would interfere with the administration of her bankruptcy." *Id.* at 820-21. Moreover, the court concluded that "[i]nasmuch as the FDCPA's purpose is to prevent bankruptcy, a debtor who has been discharged is still in need of and entitled to [FDCPA] protection." *Id.*

Finally, in *Wagner*, the court also concluded that the Bankruptcy Code did not preclude the plaintiff's FDCPA claim. In that case, the plaintiff alleged that the defendant had inappropriately asked her to repay her mortgage loan that had been discharged in bankruptcy. The court determined that it would not preclude the plaintiff from seeking an FDCPA remedy because "repeal by implication" was not favored. *See Wagner*, 2000 WL 1382222, at *1. The court distinguished *Gray-Mapp* because, unlike that case, the claim in *Wagner* could be "determined without doing violence to the Bankruptcy Code's purpose of adjudicating all claims in a single proceeding." *Id.* at *2. Moreover, the court found that the plaintiff had "not attempted to bypass any remedies provided to her under the [Bankruptcy] Code while her bankruptcy petition was pending; indeed, she could not have raised these issues there, because all of [the defendant's] activities post-dated the conclusion of her bankruptcy case." *Id.*

After reviewing all of the above-cited cases, the Court concludes that the reasoning of those cases holding that the Bankruptcy Code precludes claims under the FDCPA when those

-11-

claims are based upon violations of the Bankruptcy Code is more persuasive. Specifically, with respect to § 524, the injunction provision, which is at issue in the present case, the Bankruptcy Code provides for a specific remedy for violations of that provision – a civil contempt proceeding. To permit Plaintiff to circumvent that provision and its remedy by bringing a claim under the FDCPA, which provides for damages and attorneys' fees, would directly contravene the Bankruptcy Code's remedial scheme. Moreover, if the Court were to decide that Plaintiff could proceed with his FDCPA claim, the Court would have to determine whether the debt which Defendant attempted to collect had been discharged. That is a question that can only be answered by reference to the Bankruptcy Code, which was, in fact, the reason that this Court referred the matter to Judge Littlefield to make a recommendation as to the status of the debt. Finally, if the reasoning of the courts finding no preclusion were followed, it would render the Bankruptcy Code's remedy for violations of § 524 superfluous because in most, if not all, cases, the plaintiff would choose the potentially more lucrative remedies found in the FDCPA. For all these reasons, the Court concludes that the Bankruptcy Code precludes Plaintiff's FDCPA claim. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's FDCPA claim.

## IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions and oral arguments, and the applicable law, and for the reasons stated herein, it is hereby

**ORDERED** that Defendant's motion to dismiss Plaintiff's complaint in its entirety is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for summary judgment is **DENIED** as moot; and it is

-12-

further

     **ORDERED** that Defendant's objections to Judge Littlefield's Report-Recommendation

are **DENIED** as moot and that no further consideration of that Report-Recommendation is

necessary in light of this Order; and it is further

     **ORDERED** that the Clerk of the Court is to enter judgment in favor of Defendant and

close this case.

**IT IS SO ORDERED.**

Dated: September 18, 2001
       Syracuse, New York


                                 Frederick J. Scullin, Jr.
                                 Chief United States District Judge

-13-

AO 72A
(Rev.8/82)